## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVE BYRD, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 20-CV-0597-CVE-SH |
| ETX ENERGY, LLC, | ) ) | |
| Defendant Counter Plaintiff and Third Party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| STEVE BYRD DRILLING CONSULTANT, | ) ) | |
| Counter Defendant and Third Party Defendant. | ) ) ) | |

## OPINION AND ORDER

Now before the Court is Steve Byrd's Motion to Strike ETX's Third-Party Complaint (Dkt. # 58). Plaintiff Steve Byrd asks the Court to dismiss defendant ETX Energy, LLC's (ETX) third-party complaint, because defendant is improperly seeking indemnification from its employee, Byrd, for its own alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA). Dkt. # 58. ETX responds that it is seeking indemnification from Steve Byrd Drilling Consultant (SBDC), not Byrd, and SBDC and Byrd are separate legal entities for the purposes of the FLSA. Dkt. # 61.

Byrd alleges that he was employed as a oilfield worker by ETX and he was paid a daily rate for his work. Dkt. # 1, at 1. Byrd asserts that ETX is in the business of drilling oil and gas wells and that ETX is subject to the requirements of the FLSA. Id. at 3. Byrd states that oilfield workers often

worked 12 hour shifts, and the pay rate for oilfield workers was $1,600 per day.  Id. at 4.  Byrd alleges that oilfield workers consistently worked more than 40 hours per week and were not paid overtime.  Id. at 5.  Byrd filed this case seeking overtime pay under the FLSA, and he asks the Court to certify this case as a collective action for "[a]ll current and former oilfield workers that worked for [ETX] and who were paid a day rate during the last three years."  The case was originally filed in the United States District Court for the Southern District of Texas, and ETX filed a motion to transfer the case to the Northern District of Oklahoma under 28 U.S.C. § 1404(a).  Dkt. # 26.  The case was transferred to this Court over Byrd's objection.  The transfer order notes that Byrd's claims fall within the scope of a Master Services Agreement (MSA) between SBDC and ETX, and the MSA contains a forum selection clause stating that the exclusive venue for any suit arising out of the MSA was the "City of Tulsa, Tulsa County, Oklahoma."  Dkt. # 35, at 2.

ETX has filed an amended counterclaim (Dkt. # 54) alleging that it offered work opportunities to Byrd and SBDC through work orders, and Byrd and SBDC had the option to decline any work order at their discretion.  Byrd and SBDC submitted invoices for payment after the completion of a work order, and the MSA provided that Byrd and SBDC would not receive payment in excess of the daily rate unless the parties mutually agreed in writing.  Dkt. # 54, at 2-3.  In September 2017, ETX alleges that it received Invoice No. 19 for work performed between September 9 and 15, 2017 in the amount of $14,776, and ETX paid the invoice.  Id. at 3.  In October 2017, Byrd and SBDC submitted Invoice No. 20 for $12,456 for work performed between October 6 and 13, 2017 but, due to an accounting error, ETX sent Byrd and SBDC a check for the amount of $27,232.  Id.  This amount represented the combined amounts of Invoice Nos. 19 and 20, and

ETX asked Byrd and SBDC to return the overpayment.  Byrd and SBDC deposited the check for $27,232 and have refused to return $14,776 to ETX.  Id. at 4.

ETX also filed a third-party complaint (Dkt. # 55) asserting a claim for indemnification against SBDC.  ETX alleges that the MSA provides that SBDC "shall pay all claims for Work furnished by [SBDC] hereunder . . . [and] shall indemnify, protect, defend, and hold [ETX] harmless from and against all such claims."  Dkt. # 55, at 2.  The MSA also required SBDC to abide by all applicable labor and employment laws when performing work for ETX.  ETX asserts that Byrd's claim for overtime pay falls within the scope of the indemnification provision and, if ETX is held liable to Byrd, SBDC is obligated to pay any judgment against ETX.

Fed. R. Civ. P. 14(a) permits a defendant/third-party plaintiff to implead a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  However, a defendant does not have an absolute right to join third parties.  Reynolds v. Rick's Mushroom Service, Inc., 2006 WL 1490105, *3 (E.D. Pa. May 26, 2006).  A third party complaint must state claims that are dependent on or derivative of the plaintiff's claims against the defendant.  Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 437 (2d Cir. 2000); Israel Discount Bank Ltd. v. Entin, 951 F.2d 311, 314 n.6 (11th Cir. 1992); Hartford Acc. & Indem. Co. v. Sullivan, 846 F.2d 377, 381 (7th Cir. 1988).  "It is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff."  Weil v. Dreher Pickle Co., 76 F.R.D. 63, 64 (W.D. Okla. 1977).  The decision to permit a defendant to join additional parties with a third-party complaint is committed to the discretion of the trial judge. United States Fidelity & Guar. Co. v. Perkins, 388 F.2d 771, 773 (10th Cir. 1968).

3

Any party, including the plaintiff, may file a motion to strike a third-party complaint.  Fed. R. Civ. P. 14(a); Arthur Andersen LLP v. Standard & Poor's Credit, 260 F. Supp. 2d 1123, 1125 (N.D. Okla. 2003).  When considering a motion to strike a third-party complaint, a court should "balance the benefits of allowing the claim to proceed against the potential prejudice to the plaintiff and the defendant in the lawsuit."  In re CFS-Related Securities Fraud Litigation, 213 F.R.D. 435, 437 (N.D. Okla. 2003).  Factors that a court can consider include the prejudice to each party if a third-party claim is permitted and the delay in seeking impleader.  Id.

Plaintiff alleges that ETX failed to pay him overtime in violation of the FLSA.  Congress passed the FLSA in 1938 to protect workers from substandard wages and oppressive working hours, which it found to be detrimental to the "health, efficiency, and general well-being of workers." Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)). The FLSA is designed to ensure that each employee receives "[a] fair day's pay for a fair day's work." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942) (quoting 81 Cong. Rec. 4983 (1937), superseded on other grounds by statute as stated in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 n.22 (1985).  The FLSA "established a comprehensive remedial scheme requiring a minimum wage and limiting the maximum number of hours worked, absent payment of an overtime wage for all hours worked in excess of the specified maximum number." Lamon v. City of Shawnee, 972 F.2d 1145, 1149 (10th Cir. 1992).  Under 29 U.S.C. § 207, employers are required to compensate employees for time worked in a week in excess of forty hours at a rate of not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1).  However, certain employees are exempt from the overtime compensation requirement. See id. § 213.

4

Plaintiff argues that he was an employee of ETX and he regularly worked more than 40 hours per week, but he claims that ETX failed to pay him and similarly situated employees overtime. Plaintiff argues that ETX is improperly asking plaintiff to indemnify ETX for its own violation of the FLSA, and he requests that the Court dismiss ETX's third-party complaint. Dkt. # 58. The Court has reviewed plaintiff's motion and finds that it would be premature to consider whether ETX's third-party claim for indemnification is prohibited by the FLSA. The parties dispute whether SBDC is a separate legal entity from Byrd, and the Court cannot resolve this issue based solely on the pleadings. Plaintiff states that "[SBDC] isn't an independent entity, it is just another name for Steve Byrd." Dkt. # 58, at 3. Defendant responds that "SBDC is a separate and distinct legal entity," and Byrd executed the MSA in his capacity as the "owner" of SBDC. Dkt. # 61, at 1. The Court will not simply pick one party's version of the facts, and this is an issue that must be resolved by means of a motion for summary judgment. This issue closely relates to a critical matter that plaintiff must ultimately prove in order to prevail under the FLSA, which is that he was actually an employee of ETX who may be entitled to overtime pay. This issue also directly relates to the Court's determination of whether ETX can seek indemnification from SBDC. If Byrd and SBDC are separate entities for the purpose of an FLSA claim, ETX may have a colorable claim that SBDC is required to indemnify ETX from a claim brought by an employee or officer of SBDC. However, if Byrd and SBDC are not separate, this will strengthen plaintiff's argument that SBDC cannot be required to indemnify ETX against plaintiff's FLSA claim. The Court finds that these factual disputes must be resolved before the Court can consider plaintiff's argument that he is personally being asked to indemnify ETX for its own alleged violation of the FLSA. The Court also finds that the third-party complaint relates closely to the issues raised in plaintiff's complaint, and the third-party complaint was properly filed under Rule 14.

5

**IT IS THEREFORE ORDERED** that Steve Byrd's Motion to Strike ETX's Third-Party Complaint (Dkt. # 58) is **denied**.

**DATED** this 25th day of August, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE